652

J&J CELCOM; Lupe Azevedo; Woodrow W. Holmes, Jr.; Lucille Hoss; Daniel Murray; Rajive Oberoi; Kenneth L. Ramsey; Gary R. Robbins; Joanne Robbins; S&D Partnership; Cell–Cal IX–T9; Nancy Donnelly; Rodger D. Friz; Sid Danny Hoff; Om Parkash Kalra; Ronald Wilson; Delchi Corporation, Plaintiffs–Appellants,

v.

AT&T WIRELESS SERVICES, INC.; McCaw Cellular Interests Inc.; AT&T Wireless Services of Colorado LLC; AT&T Wireless Services Of Idaho Inc.; AT&T Wireless Services of Washington LLC; Boise City Cellular Partnership, formerly known as New Boise City Cellular Partnership; Fort Collins–Loveland Cellular Telephone Co., formerly known as New Fort Collins–Loveland Cellular Telephone Company; Greeley Cellular Co., formerly known as New Greeley Cellular Company; Yakima Cellular Telephone Company, formerly known as New Yakima Cellular Telephone Company; McCaw communications of Wheeling, Inc.; McCaw Communications of Texarkana, Inc.; AT&T Wireless Services of California, Defendants–Appellees.

No. 05–35567.

United States Court of Appeals, Ninth Circuit.

Filed Dec. 26, 2006.

John J. Oitzinger, Esq., Helena, MT, for Plaintiffs–Appellants.

Brendan Thomas Mangan, Esq., Heller Ehrman, LLP, Seattle, WA, for Defendants–Appellees.

RYMER, BERZON, and TALLMAN, Circuit Judges.

## ORDER

To resolve this appeal, and pursuant to section 2.60.020 of the Washington Revised Code, we propose to certify a question of state law to the Supreme Court of Washington relating to the scope of a partner's

fiduciary duty of loyalty under the revised partnership statute and Washington case law. *See* WASH. REV.CODE §§ 25.05.005–.907. We believe that guidance from the state supreme court is necessary to harmonize Washington case law with the current statutory scheme. The two cases of which we are aware that are relevant to the issue, *Karle v. Seder*, 35 Wash.2d 542, 214 P.2d 684 (1950), and *Bassan v. Investment Exchange Corp.*, 83 Wash.2d 922, 524 P.2d 233 (1974), seem to point in different directions and predate Washington's adoption of the Revised Uniform Partnership Act, which appears to have made four important changes vis-a-vis the former Uniform Partnership Act. First, the statute now states that the only fiduciary duties owed by a partner to other partners are the duties of loyalty and care, as defined in the statute. WASH. REV.CODE § 25.05.165(1). Second, it defines the duty of loyalty to include "refrain[ing] from dealing with the partnership in the conduct or winding up of the partnership business as or on behalf of a party having an interest adverse to the partnership." *Id.* § 25.05.165(2)(b). Third, the statute clarifies that a partner does not violate a fiduciary duty merely because he furthers his own interest and that he may transact business with the partnership. *Id.* § 25.05.165(5), (6). Fourth, it permits the percentage of partners specified in the partnership agreement to authorize transactions that would otherwise violate the duty of loyalty. *Id.* § 25.05.015(2)(c)(ii).

Because no Washington court has had occasion to define the scope of the fiduciary duty of loyalty in the context of a fully disclosed, self-dealing transaction in light of the new statutory scheme, we propose to request under Washington Rule of Appellate Procedure 16.16 and section 2.60.030 of the Washington Revised Code that the Supreme Court of Washington answer our certified question on the parameters of the fiduciary duty of loyalty.

The parties are invited to comment on the apparent conflict in Washington law requiring certification and on the following proposed question to be certified:

> Does a controlling partner violate the duty of loyalty to the partnership or to dissenting minority partners by transferring all of the partnership's assets to an affiliated party at a price determined by an independent appraisal, when the appraisal and the parties to the transaction are fully disclosed but the partnership agreement is silent on the subject of sale to a related party?

The parties shall assume the primary responsibility of gathering for our certification under Washington Revised Code 2.60.010 and 2.60.030 the relevant excerpts of the district court record to aid the Supreme Court of Washington's review in this matter. Attached is a list of documents that we think should be included in the certified record. *See id.* § 2.60.010(4). The parties are free to make additions to or to propose deletions from this list.

The comments on the apparent conflict, certified question, and excerpts of record, if any, must be filed with the Clerk of the Court within 30 days from the date of the filing of this Order. Any comment shall not exceed 10 pages of fourteen-point type.

*Proposed List of Documents to Include in Certified Record for Transmittal to the Supreme Court of Washington*

1. Third Amended Complaint (Docket No. 176)

2. Amended Order Granting Defendants' Motion for Summary Judgment and Denying Plaintiffs' Motion for Partial Summary Judgment (ER 386–410)

3. Copies of the partnership agreements: Boise (ER 33–46), Fort Collins (ER 53–73, 81–86), Greeley (ER 88–112), Redding (ER 505–515, 131–136), Rochester (ER 138–49), Texarkana (ER 152–164), Wheeling (ER 188–202, 206–208), Yakima

(ER 210–224), Yuba City (ER 226–240, 243–245)

4. Bradner Declaration (SER 1–65)

5. Pladson Declaration (SER 94–116)

6. Thompson Declaration (SER 354–75)

7. Appraisal of Boise City Cellular Partnership (ER 256–304)

8. April 2002 letter from J. Kennedy and response (ER 529, 531)

9. AWS Approval Request (ER 249–54, 527)

10. October 2004 Walters report (ER 9–31)

11. March 2005 Taylor Declaration (SER 170–249, 313–51)

12. January 2005 Walters report (ER 939–74)

13. Excerpt from Walters deposition (SER 135–44)